**UNITED STATES of America and Sidney B. Majure, Designated Naturalization Examiner, Immigration and Naturalization Service, Petitioners,**

v.

**Nancy HOFFMAN, Respondent.**

Civ. No. 9365.

United States District Court
M. D. Pennsylvania.

Nov. 18, 1966.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for petitioners.

James S. Palermo, Hazleton, Pa., for respondent.

## MEMORANDUM

FOLLMER, District Judge.

The United States of America, Immigration and Naturalization Service, in conducting an investigation pertaining to a Petition for Naturalization filed by one Gioacchino Parisi, determined that the testimony of Nancy Hoffman, Respondent, was needed. On February 15, 1966, pursuant to 8 U.S.C. § 1446, Nancy Hoffman was subpoenaed to appear before the Examiner. On March 2, 1966, Respondent appeared at the designated place, stated her name and address but refused to answer any additional questions claiming that her answers might tend to incriminate her.

On April 29, 1966, the United States filed a Petition in this Court requesting enforcement of the subpoena. A Rule to Show Cause why Respondent should not be compelled to comply with the subpoena was issued. Briefs have been received and oral argument has been had and the matter is before the Court at this time. The basic question is whether the Respondent, Nancy Hoffman, is entitled to invoke the privilege against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution.

The Petitioners and the Respondent are in basic agreement as to the law. The Government argues, however, that Respondent is claiming the privilege because she is afraid she *will* commit perjury. The Respondent argues that since she has been orally interviewed on several occasions by Agents of the Immigration and Naturalization Service that to require her to testify under oath and to tell the truth would expose her to prosecution and furnish the proof that she *has given* false statements in violation of 18 U.S.C. § 1001.

In United States v. Coffey, 198 F.2d 438, 440 (3d Cir. 1952), it is stated that:

" * * * It is enough (1) that the trial court be shown by argument how conceivably a prosecutor, building on the seemingly harmless answer, might proceed step by step to link the witness with some crime against the United States, and (2) that this suggested course and scheme of linkage not seem incredible in the circumstances of the particular case. * * *"

 While it is recognized that the Fifth Amendment is "wholly inapplicable to future acts," [1] that is not what the Respondent is arguing. She is arguing that it might tend to incriminate her for perjury of past statements, not future testimony. The Government has refused to give her a copy of her statements and has taken no action on a request for immunity. Under the test prescribed in United States v. Coffey, supra, the Respondent will not be ordered to testify and the Petition will be denied.

---

1. Kronick v. United States, 343 F.2d 436, 441 (9th Cir. 1965).